## OAKES. *v.* THE STATE.

No. 15577.   OCTOBER 9, 1946.

*Marvin A. Allison, Charles C. Pittard,* and *Alton G. Liles,* for plaintiff in error.

*Eugene Cook, Attorney-General, Hope D. Stark, Solicitor-General, George W. Westmoreland,* and *Rubye G. Jackson,* contra.

WYATT, Justice. (After stating the foregoing facts.) The evidence in this case is so voluminous as to prohibit its being set forth in detail; but incorporated in the foregoing statement of facts is the evidence most favorable to the State's case.

This conviction rests on circumstantial evidence. In such cases the law provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code, § 38-109.

Peculiarly applicable to this case is the language used in the following excerpts from decisions of this court. In *Patton* v. *State,* 117 *Ga.* 230 (43 S. E. 533), it was held: "The law recognizes that there may be evidence pointing to guilt, without that evidence being sufficient to warrant conviction. In testing the sufficiency of evidence, this court can not consider the credibility of witnesses, but it may consider the nature of the testimony, and whether or not it should be treated as incredible because purporting to prove facts impossible. Courts and juries are not bound to believe testimony as to facts incredible, impossible, or inherently improbable. Great physical laws of the universe are witnesses in each case, which can not be impeached by man, even though speaking under the sanction of an oath." In *Simmons* v. *State,* 99 *Ga.* 699, 703 (27 S. E. 755), Chief Justice Simmons said: "It is held that in such cases the testimony of the person alleged to have been raped should always be scrutinized with care; and when there is much in the facts and circumstances in evidence to discredit her testimony, it should be deemed insufficient to sustain a verdict of guilty; and hence it is that courts of review, while generally reluctant to disturb a verdict where there is any evidence to support it, frequently set aside verdicts in cases of this character, even though supported by positive and direct evidence." And in *Peters* v. *State,* 177 *Ga.* 772, 775 (171 S. E. 266), using language very appropriate to the facts of this case, the court said: "The accused admitted that he had sexual intercourse with the complaining woman, but he asserted that it was done with her consent. The evidence against the

accused, if believed, would support the verdict. However, it is of such extraordinary character that it bears on its face the earmark of the unbelievable."

The evidence in this case was not sufficient to exclude "every other reasonable hypothesis save that of the guilt of the accused," and the trial court erred in overruling the motion for new trial.

The special grounds appear to be without merit.

*Judgment reversed. All the Justices concur.*